IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON A. MARTIN,

      Plaintiff,

vs.

JENNELL PARKS, et al.,

      Defendants.

      No. CIV S-07-2796 LKK EFB PS

FINDINGS AND RECOMMENDATIONS

_____/

This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). It is proceeding on the original complaint, filed December 27, 2007, in which plaintiff names more than thirty defendants, most of whom are government officials at the county, state or federal level. While the record shows that service has not been effected on all defendants, most defendants have been served, and have filed or joined motions to dismiss for failure to state a claim and/or for a more definite statement.[1] *See* Fed. R. Civ. P. 12(b)(6), 12(e). The court ordered the motions

---

[1] Some defendants have also moved to strike portions of the complaint pursuant to California's anti-SLAPP law. *See* Cal. Civ. Proc. Code § 425.16 (statute protecting individuals from meritless, harassing lawsuits whose purpose is to chill the exercise of free speech). Because plaintiff's complaint is largely incoherent (as discussed herein), it is difficult, if not impossible, to determine the applicability of this law. Rather, the court recommends dismissal of

1

submitted on the papers pursuant to Local Rule 78-230(h). Having considered the record and all submitted papers, the court recommends that this action be dismissed without further leave to amend.

**I. BACKGROUND**

Plaintiff initiated this action by filing the complaint and paying the filing fee on December 27, 2007. The case was reassigned to the undersigned on February 29, 2008. The complaint names over thirty defendants, including, among others, the Honorable Gregory G. Hollows, the Honorable Roland Candee, the Honorable James Mize, United States Attorney McGregor Scott, Sacramento District Attorney Jan Scully, numerous other county and state employees, and other private actors.

While the record reveals that not all named defendants have been served, many of them have responded to the complaint with motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.[2] Each motion points to the inadequacy of the complaint given its vague and conclusory allegations.

////

////

////

---

the action on other grounds, without prejudice to refiling the motion to strike should these findings and recommendations not be adopted by the district judge.

[2] A single motion was filed on behalf of Sacramento County, its Department of Revenue Recovery, and other related entities, as well as its various named employees. *See* docket nos. 6, 29. Those named defendants include the following: Jennell Parks, Barbara Fairbanks, Dennis Springer, Jess Bermudez, Terry Schutten, Paul Hahn, Robert Sherry, Carl Simpson, Karyl Marsh, Robert Ryan, Lura O'Brien-Dillon, Jan Scully, Lori Greene, Marv Stern, Karen Maxwell, John McGinness, and David Irish (collectively referred to as the "County defendants"). California Attorney General, Edmund G. Brown, joined the motion filed by the County defendants, and a separate motion was filed on behalf of Hon. Roland Candee and Hon. James Mize. Paul Moreau filed his own motion, *in propria persona*, and defendants Placer Title Company and Phyllis Sylvia filed a separate motion to dismiss. The United States Department of Justice filed an amicus brief urging dismissal on behalf of Hon. Gregory G. Hollows and U.S. Attorney McGregor Scott.

**II. DISCUSSION**

    A. Standard

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

////

B. Application

As set forth below, plaintiff not only fails to allege facts sufficient to state a claim against the thirty-odd defendants (some of whom are immune from suit under the doctrine of judicial immunity), she also fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and has established, through her numerous filings, the frivolous and harassing nature of her complaint. Accordingly, the court recommends that this case be dismissed without further leave to amend.

The allegations in the complaint are essentially the same as those alleged by plaintiff (and her co-plaintiff) in *Mellow, et al. v. Sacramento County, et al.*, 2:08-cv-0027 LKK EFB PS (hereinafter "*Mellow*").[3] Indeed, the assigned magistrate judge in that case appropriately referred to this case as the "twin" of *Mellow*. *See Mellow*, May 23, 2008, Findings and Recommendations, 6:4. At least twenty of the thirty-odd defendants named in this action are also named in *Mellow*. Both complaints allege that plaintiff and her neighbor, Jackie Mellow, were the victims of trespass, larceny, fraud, robbery, extortion, threats and violence by the various defendants. *See* Complaint ("Compl."), ¶¶ 55, 60-69; *Mellow*, May 23, 2008, Findings and Recommendations, 2:23:6. Although much of the complaint is incoherent, plaintiff appears to allege, both here and in *Mellow*, that defendants committed these criminal acts as part of a conspiracy to defraud property owners through the collection of unlawful debts. *See id.*

Plaintiff alleges that this conspiracy to defraud her, her neighbor, and other California citizens, began in the 1990s. Specifically, she alleges that, "[a]fter Cap-scam prosecutions, the corruption in California was reduced slightly and did not regain its strength to continue criminal profiteering until early 1990." Compl., ¶ 52. She alleges that "[d]efendant Scott operated [a] successful criminal profiteering enterprise in Shasta County until appointed to his present position as U.S. Attorney . . . where he has actively 'sold protection' to corrupt government

---

[3] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

officials. . . ."  Compl., ¶ 53.  Plaintiff alleges that around 2005, she became "a target for violence" by these government officials due to "her unknowing display of wealth and advanced age with disability."  Compl., ¶ 54.  Plaintiff alleges that defendants conspired to, among other things, obtain false warrants, embezzle federal funds, operate a "municipal corporation for the collection of unlawful debt," "perpetuate 'robbery and extortion,'" bribe federal officials, commit grand theft auto, file false liens against plaintiff's property, and use "mail fraud to threaten and intimidate citizens under color of state law."  *See* Compl., ¶¶ 55-69.  The complaint continues in this vein, alleging a slew of criminal allegations against various public officials and employees who have allegedly participated in this conspiracy.

Despite the florid nature of these allegations, plaintiff fails to state a claim against the dozens of named defendants.  First, many of the named defendants are immune from suit – i.e., Hon. Gregory G. Hollows, Hon. Roland Candee, and Hon. James Mize – to the extent plaintiff bases her allegations on conduct committed in the course and scope of their judicial duties.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (explaining doctrine of absolute judicial immunity).  Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."  *Moore*, 96 F.3d at 1244 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).  Here, plaintiff's allegations against these defendants are largely incoherent.  However, she appears to complain of actions allegedly taken in their roles as judges.  *See, e.g.*, Compl., ¶¶ 60, 66, 69 (issuing warrants and ruling on matters in district court).  Accordingly, dismissal pursuant to Rule 12(b)(6) is proper based on absolute judicial immunity.  *See Moore*, 96 F.3d at 1243-45.

Dismissal of the balance of the complaint is also proper under Rule 12(b)(6), as well as Rule 8, and for failure to comply with the local rules and with orders of this court.  *See* Local Rule 11-110.  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of

the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

Here, the complaint consists of vague, confusing, abusive, conclusory, and often incoherent allegations. It does not set forth even a "formulaic recitation" of the various causes of action, and fails to clarify how many of the factual allegations relate to each of the thirty-four defendants. Further, some of the purported causes of action do not qualify as such. For example, plaintiff alleges claims for violations of her rights under Article III of the U.S. Constitution and the Seventh Amendment. *See* Compl., ¶¶ 74, 75. The complaint simply fails to comply with Rule 8 and fails to state a claim pursuant to Rule 12(b)(6).

Morever, as discussed above, the allegations in this complaint – to the extent they can be comprehended – appear almost identical to those alleged in *Mellow*. The magistrate judge assigned to that case has issued findings and a recommendation of dismissal, which are currently pending before the assigned district judge.[4] This court takes judicial notice of those findings, which have relevance here. Those findings include the specific finding that the allegations in both cases are "slanderous and outlandish on their face" and "palpably frivolous." *See Mellow*, May 23, 2008, Findings and Recommendations, 6:4-6, 7:24. This court agrees. The finding is

---

[4] Also pending before the district judge is the magistrate judge's recommendation that plaintiff be declared a vexatious litigant. *See Mellow*, May 23, 2008, Findings and Recommendations, 8:3-13:16 (detailing plaintiff's long history of filing frivolous actions in this district).

supported by plaintiff's conduct in this case following reassignment to the undersigned.

As set forth above, many of the named defendants (at least those who were served) responded to plaintiff's complaint by filing motions to dismiss for failure to state a claim, and/or for a more definite statement. On April 11, 2008, the court vacated the hearing on those motions based on plaintiff's failure to file oppositions (or statements of non-oppositions) thereto, as required under the local rules. *See* Local Rule 78-230(c) (requiring opposition to be filed fourteen days prior to the noticed hearing). The court ordered plaintiff to show cause, in writing, why sanctions should not be imposed for her failure to comply with the local rules. *See* Local Rule 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions. . . ."). The court also ordered plaintiff to file oppositions, if any, to the motions by no later than April 23, 2008. That order cautioned plaintiff that failure to comply with the order would result in a recommendation of dismissal.

Although plaintiff filed a response to the order to show cause and oppositions to the motions, they consist of little more than unbridled vitriol. Plaintiff's response to the order to show cause did not offer an explanation for her failure to comply with the local rules. Rather, she merely contested referral of this case to the undersigned, and argued that the court's order was "unconstitutional and VOID [*sic*] under Ninth Circuit precedent *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003)" (holding that the district court erred in granting officers' motion for summary judgment on the issue of qualified immunity, where, even though plaintiff failed to file an opposition, the officers failed to meet their burden under Rule 56). *See* docket no. 67.[5] Plaintiff further "opposed" the court's order to show cause, and accused the undersigned of

////

---

[5] Plaintiff filed another document opposing the referral of this action to the undersigned, arguing that she had paid "$350.00 for [an] Article III judge." *See* docket no. 61.

7

> acting in conspiracy with attorneys and ALL DEFENDANTS, including federal defendant Hollows and McGregor Scott, . . . [and of committing] an offense against the United States and Plaintiff Sharon A. Martin while participating in a scheme or artifice to defraud said citizen of her tangible right to honest services in furtherance of their "target goal" to conduct the affairs of the district court through a pattern of predicate acts of racketeering in violation of §§ 2, 201, 241, 1341, 1962(d) of Title 18 U.S.C., and did threaten and intimidate plaintiff and oppress her constitutional right secured by Article III, and the First, Fifth, Seventh and Fourteenth Amendment and they are civilly and criminally liable under the provision of 28 U.S.C. § 2679 as "Principals" . . . .

*Id.* She reiterated these accusations in another filing (*see* docket no. 68), wherein she

> reminds ALL DEFENDANTS that any communication with "a magistrate" absent CONSENT of the plaintiff paying the $350.00 constitutes attempted "bribery" in furtherance of a "fraud and swindle" in furtherance of a racketeering enterprise scheme to defraud plaintiff of $350.00. Congress used third-grade words in the construction of these new decade old laws and you did not walk into the pit, but ran to a place where there is no escape.

*Id.*

This incoherent tirade is not a proper response to the court's order to show cause. Furthermore, the subsequently filed "oppositions" are little more than similarly garbled invectives. For example, her opposition to the motion to dismiss filed by Hon. Roland Candee and Hon. James Mize, insists on the purported corruption in the American legal system, and includes attached copies of cases and articles that allegedly prove her point. *See* docket no. 62. She argues that these judges are not immune from this lawsuit, in part, because they "have participated in the 'bribery' of federal employees 'Hollows, Mueller and Brennan.'" *Id*.

Her opposition to the motion filed by the various Sacramento County defendants is almost identical. In it, she insults and abuses the attorney of record, calling him names and accusing him of bribing the previously assigned federal magistrate and the undersigned. *See* docket no. 63. Her opposition to California Attorney General Edmund G. Brown, Jr.'s joinder to the County defendants' motion is similarly abusive and incoherent. *See* doc. no. 65. Among other things, she writes that his "motion to dismiss for participation in 'mortgage fraud' must be

DENIED after defendant Scott [*sic*] disclosure CALIFORNIA HOTBED OF MORTGAGE FRAUD, page 2 [referring to attached copy of article from "The Daily Recorder."]. *Id.*

Plaintiff's "oppositions" to the other motions (filed by defendants Paul Moreau, Placer Title Co. and Phyllis Sylvia), are identical to one another, and are similarly lacking in substance. For example, in both oppositions, plaintiff states that these defendants "knew that the Mortgage Market was going to collapse," were "aware of the 'collection of unlawful debt' by defendants State of California and County of Sacramento," and were "told to rent 'The Firm' with Tom Cruise which would explain 'overbilling liability under RICO.'" *See* docket nos. 64, 66, at ¶¶ 4-6. She further states that defendants "knew that their [*sic*] has to file ANSWER and was advised to buy the 'F'in books' and read them by Martin, referring to Federal Civil *Judicial* [*sic*] Procedures and Rules and Federal Criminal Codes and Rules." *Id.*, ¶ 11.

These oppositions mirror the language and tone of the complaint, which the court finds lacks an arguable basis in both law and fact. *See Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989) (court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless). Indeed, the court agrees with the findings in *Mellow*, and finds the complaint to be frivolous and incapable of being cured by amendment. For these reasons, and for plaintiff's failure to comply with Rule 8, to state a claim for which relief may be granted, and to comply with the court's order to show cause, the court recommends that this action be dismissed without further leave to amend.

**III. CONCLUSION**

In accordance with the foregoing, IT IS RECOMMENDED that:

1. The complaint be dismissed without further leave to amend; and,

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
3  shall be served and filed within ten (10) days after service of the objections. The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
6  951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 11, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE